**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**
**ALBANY DIVISION**

| | |
|---|---|
| TARA ALAMEDA, KAMECA BALAN, and DEBBIE HAMELL-PALMER, on their own behalf and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>*- against -*<br><br>ASSOCIATION OF SOCIAL WORK BOARDS,<br><br>Defendant. | Case No. 1:26-cv-1536 (AMN/DJS) |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Association of Social Work Boards ("ASWB"), hereby files its Notice of Removal to the United States District Court for the Northern District of New York, from the Supreme Court of the State of New York, County of Albany. Removal is proper pursuant to 28 U.S.C. § 1441(a) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Accordingly, the Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

**BACKGROUND**

1. On or about June 14, 2026, Plaintiffs Tara Alameda, Kameca Balan, and Debbie Hamell-Palmer ("Plaintiffs") filed a putative class action against ASWB in the Supreme Court of the State of New York, County of Albany, captioned *Tara Alameda, Kameca Balan, and Debbie*

*Hamell-Palmer v. Association of Social Work Boards*, Index Number: 906804-26 (the "State Court Action"). On July 9, 2026, ASWB received a summons and a copy of the Complaint at its headquarters in the Commonwealth of Virginia.

2. The Complaint is a putative class action that alleges a single cause of action for employment discrimination in violation of the New York State Human Rights Law ("NYSHRL"), New York State Executive Law Section 296. *See* Compl. at ¶ 61. A copy of the Complaint and summons are attached hereto as **Exhibit A**. To the best of ASWB's knowledge, no other pleadings have been filed in the State Court Action. A true and correct copy of the state court docket sheet is attached hereto as **Exhibit B**.

3. ASWB is a non-profit organization that develops and administers two standardized examinations that are at issue in this case—the Licensed Master Social Workers ("LMSW") exam and the Licensed Clinical Social Workers ("LCSW") exam (collectively, the "Exams")—which are used by the State of New York (and other jurisdictions) as one prerequisite for licensure in the social work profession. *See* Compl. ¶¶ 6, 33. Passing one of the Exams is one of several prerequisites to obtaining a license from the New York State Department of Education, Office of the Professions ("DOE") as a master social worker or clinical social worker. *See* N.Y. Educ. Law §§ 7701, 7703, 7704.

4. Plaintiffs allege that they have tried many times, unsuccessfully, to pass the Exams for many years. Compl. ¶¶ 15, 17-18; 23-28. They contend that ASWB has violated the NYSHRL because its Exams are biased against members of certain ethnic and racial minority groups. *Id.* at p. 1.

5. Plaintiffs seek to certify a class action and, in addition to injunctive relief, their prayer for relief requests compensatory and punitive damages, attorneys' fees, and costs. *See*

Compl. at p. 11.

6. The instant lawsuit was preceded by a putative class action filed by the same plaintiffs against ASWB in the Southern District of New York on July 21, 2023, in which Plaintiffs alleged two federal employment discrimination claims under Title VII of the Civil Rights Act of 1964 and Section 1981, as well as an identical state employment discrimination claim under the NYSHRL (the "2023 Lawsuit"). *See Alameda v. Association of Social Work Boards*, Case No. 7:23-cv-06156 (Karas, J.).

7. On September 25, 2025, the 2023 Lawsuit was dismissed in its entirety after the district court ruled that Plaintiffs failed to state a claim for employment discrimination under the two federal statutes and declined to exercise supplemental jurisdiction over the remaining NYSHRL claim. *Alameda v. Association of Social Work Boards*, 2025 U.S. Dist. LEXIS 189631 (S.D.N.Y. Sept. 25, 2025). On May 15, 2026, the Second Circuit affirmed the dismissal, while also clarifying that the district court's decision not to exercise supplemental jurisdiction over Plaintiffs' state law claim under the NYSHRL was without prejudice. *Alameda v. Association of Social Work Boards*, No. 25-2531, 2026 U.S. App. LEXIS 14036 (2d Cir. May 15, 2026).[1]

8. Defendant denies all of Plaintiffs' allegations asserted in both the instant lawsuit and the dismissed 2023 Lawsuit.

**REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION**

9. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

[1] In the 2023 Lawsuit, Plaintiffs' complaint relied solely on federal question jurisdiction and did not allege diversity of citizenship as a basis for the Southern District of New York's jurisdiction. Nor did Plaintiffs at any time argue diversity jurisdiction as an alternative basis for jurisdiction before the lower court or on appeal to the Second Circuit.

or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10. This Court has original jurisdiction here because this matter is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

***Diversity of Citizenship***

11. Complete diversity exists here because Plaintiffs are citizens of New York. *See* Compl., ¶¶ 1-5 (describing Plaintiff Alameda's residence as Queens, New York; Balan's residence as Nassau County, [New ork]; and Hamell-Palmers' residence as Rome, New York).

12. ASWB is a citizen of Virginia—it is a not-for-profit, nonstock corporation incorporated in Virginia with its principal place of business in Culpeper, Virginia. *See* Declaration of Stacey Hardy-Chandler, Chief Executive Officer of ASWB ("Hardy-Chandler Decl.") at ¶ 2, attached hereto as **Exhibit C;** *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) ("[A] corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business.").

***Amount in Controversy***

13. As for the amount in controversy, "[w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). The notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89.

14. Additionally, ASWB is "not required to prove the amount in controversy to an absolute certainty," but must only show "that it appears to a reasonable probability that the claim

is in excess of the statutory jurisdictional amount." *Villafana v. So*, No. 13-CV-180, 2013 U.S. Dist. LEXIS 76832, at *1 (S.D.N.Y. May 29, 2013) (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)).

15. Here, the Complaint does not quantify the damages sought by Plaintiffs but, instead, Plaintiffs seek an unspecified amount of compensatory and punitive damages and attorneys' fees. *See* Comp., at 11. Considering the many years of purported lost or depressed wages that each Plaintiff seeks, there is more than a "reasonable probability" that Plaintiffs' claims exceed $75,000.

16. In cases of alleged employment discrimination, a plaintiff can seek back pay, encompassing "lost salary, including anticipated raises, and fringe benefits." *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 145 (2d Cir. 1993). As a general rule, a back-pay award covers the period from the date of the discriminatory act through the date of final judgment. *See, e.g., Dunlap-McCuller v. Riese Org.*, 980 F.2d 153

17. Although ASWB vehemently denies that its Exams are discriminatory and disputes that Plaintiffs are entitled to *any* damages at all, for purposes of evaluating the existence of diversity jurisdiction, this Court can evaluate the value of the years of purported lost wages Plaintiffs allege they have suffered, which plainly exceed the required amount in controversy.

18. Plaintiff Alameda alleges that she obtained a master's degree in social work in June 2013 and has taken and failed the LMSW exam at least ten times since then. *Id.* ¶ 15, 18. She alleges that she was terminated from her job as a school social worker in July 2021 due to her inability to pass the exam. *Id.* ¶ 20. Thus, she appears to demand more than five years of lost earnings as a licensed social worker.

19. Plaintiff Balan alleges that she completed her education in social work in May 2015 and has taken and failed the LMSW exam at least five times. Compl. ¶ 25. She alleges that her

employment opportunities have been limited because of her exam failures, which has "significantly depressed her income, both past, present and future." *Id.* ¶ 27-28. It therefore appears that she is demanding more than eleven years of lost earnings.

20. Plaintiff Hamell-Palmer does not specify when she graduated but alleges that she has repeatedly failed to pass the LCSW exam, which has "limited her professional opportunities and earning capacity." *Id.* ¶¶ 30-31. This purported limited earning potential would have existed at least as early as July 2023, when Plaintiffs' 2023 Lawsuit was filed, more than three years ago.

21. According to the most recent data published by the United States Bureau of Labor Statistics ("BLS") in May 2026, the various recognized categories of U.S. social workers in 2025 earned mean salaries between $64,000 and $75,910, with an overall mean salary of $67,540. *See* U.S. Bureau of Labor Statistics, *Occupational Employment and Wages, May 2025*, at p. 11, tbl. 1 (May 15, 2026) (available at https://www.bls.gov/news.release/pdf/ocwage.pdf). BLS also reported a 2025 median hourly wage of $29.70, which equates to an annual median salary of approximately $61,776, assuming 40-hour weeks and a 52-week year. *See id.* Looking back several years to 2021, BLS reported that the various categories of social workers earned between $54,880 and $63,010 in mean annual salaries, with an overall mean salary of $57,880. *See* U.S. Bureau of Labor Statistics, *May 2021 National Occupational Employment and Wage Estimates*, Categories 21-1020 through 21-1029, https://www.bls.gov/oes/2021/may/oes_nat.htm. BLS also reported a 2021 median hourly wage of $24.23, which equates to an annual median salary of approximately $50,398, assuming 40-hour weeks and a 52-week year. *See id.*, Category 21-1020.

22. This Court may take judicial notice of BLS data. *See, e.g.*, *Mathews v. ADM Milling Co.*, No. 15-CV-969, 2019 U.S. Dist. LEXIS 97564, 2019 WL 2428732, at *9 (W.D.N.Y. June 11, 2019) (taking judicial notices of BLS data because "[c]ourts routinely take judicial notice of

governmental records retrieved from official government websites."); *Romano v. Bagel*, No. 24-CV-999, 2024 U.S. Dist. LEXIS 219620, at *10 (E.D.N.Y. Dec. 4, 2024) (same).

23. Wage data is also available from a 2025 workforce report commissioned by ASWB, which analyzed data from the largest national survey of licensed and registered social workers ever conducted. That report shows that some BLS data actually underestimates social work salaries in the United States. *See* Hardy-Chandler Decl. ¶¶8-9 and Attachment 1 thereto. This is because the BLS reports rely upon data reported by employers and excludes self-employed social workers, and does not differentiate between degreed and licensed social workers, as compared to those who lack formal social work credentials. *Id.* at 9.

24. The ASWB workforce report found median annual earnings in 2024 of approximately $66,950 for master's-level social workers, $72,100 for advanced generalist social workers, and $77,250 for clinical social workers. The report further found that median annual earnings for full-time clinical social workers working year-round exceeded $82,000. *Id.* at 8.

25. Regardless of whether reported salaries from the BLS or the ASWB workforce report are used, Plaintiffs' claims of lost wages over a number of years (11 years for Plaintiff Balan, 5 years for Plaintiff Alameda, and at least 3 years for Plaintiff Hamell-Palmer) readily exceed $75,000.

26. Accordingly, the amount-in-controversy requirement to establish diversity jurisdiction under 28 U.S.C. § 1332(a) is met.

**VENUE AND PROCEDURAL REQUIREMENTS**

27. The state court in which the instant action was filed is located within Albany County, New York, which is within the jurisdiction of the Albany Division of this District. Accordingly, removal to this Court is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 112.

28. In accordance with 28 U.S.C. § 1446(d), ASWB will promptly serve Plaintiffs with this Notice of Removal and will file a copy of said Notice with the clerk of the Supreme Court of the State of New York, County of Albany.

29. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because, as noted above, ASWB received the Complaint on July 9, 2026, and ASWB is filing this Notice within 30 days of such date.[2]

WHEREFORE, based on the foregoing, Defendant ASWB respectfully removes this action from the Supreme Court of the State of New York, County of Albany, to this Honorable Court.

Dated: August 10, 2026

Respectfully submitted,

Nicholas A. Corsano
Kristen Dooley
BAKER & McKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212 626 4100
nicholas.corsano@bakermckenzie.com
kristen.dooley@balermckenzie.com

and

Jennifer Ancona Semko
James Gilmore
BAKER & McKENZIE LLP
815 Connecticut Avenue, NW
Washington, DC 20006
Telephone: 202 835 4250
jennifer.semko@bakermckenzie.com
james.gilmore@bakermckenzie.com

*Counsel for Defendant*

[2] Because the thirtieth day fell on a Saturday (August 8, 2026), the deadline for filing is Monday, August 10, 2026. *See* Fed. R. Civ. P. 6(a)(1)(C).

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August 2026, a true and correct copy of the foregoing was served on counsel for Plaintiffs via U.S. mail, first class postage prepaid, with a courtesy copy via email.

*/s/ Jennifer Ancona Semko*
Jennifer Ancona Semko